**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

PETERS BROADCAST ENGINEERING
341 S. HIGH STREET, SUITE 10
COLUMBUS, OHIO 43215          CASE NO.

PLAINTIFF,

                                      JUDGE

VS.

                               JURY DEMAND
24 CAPITAL FUNDING, LLC          ENDORSED HEREON
31-10 37TH AVENUE, SUITE 202
LONG ISLAND, NEW YORK 11101     CLASS ALLEGATIONS HEREIN

AND

JASON SANKOV
24 CAPITAL FUNDING, LLC
31-10 37TH AVENUE, SUITE 202
LONG ISLAND, NEW YORK 11101

AND

JOHN DOES.
         DEFENDANTS.

**COMPLAINT FOR DAMAGES AND NATIONAL CLASS RELIEF**

Plaintiff, Peters Broadcast Engineering, Inc., (hereinafter "PBE") hereby asserts the following claims under federal and Ohio common and statutory law against Defendants, 24 Capital Funding, LLC, (hereinafter "24 Capital"), Jason Sankov and John Doe defendants to be named separately and joined as defendants following discovery. This Complaint arises from Defendants' operation of a so-called "merchant cash advance financing" company. Specifically, as fully outlined below, Defendants in this action have used and are using Defendant 24 Capital

1

to induce prospective borrowers to borrow funds against receivables, a so-called merchant cash advance(MCA). In reality the MCA is a guise employed by Defendants to circumvent state usury laws. Defendants promise to only recover payment from receivables but in reality, through daily automatic clearing house (ACH) debits, they extract daily payments from borrowers regardless of whether receivables have come into the bank accounts of the borrower or not. In addition, Defendants promise additional funding to borrowers, thereafter renege on the promised funds and then confess judgment against the borrower based upon the failure to make payments the borrower relied upon the promised funds to make. Once Defendants obtain a confessed judgment they utilize the State of New York Court system to employ collection techniques that violate the federal law, specifically the provisions of the Due Process Clause by misrepresenting the extent of contacts borrowers, such as Plaintiff, have with the State of New York. The actions of Defendants are violative of both Ohio and federal law and have caused extensive damage to Plaintiff and the class of similarly situated persons. Accordingly, Plaintiff PBE respectfully asserts here individual and classwide claims against Defendants.

### I. JURISDICTION AND VENUE

1. Jurisdiction is founded upon the provisions of 28 U.S.C. §1331 in that this action arises under federal law, 18, U.S.C. §1962, et seq. Jurisdiction over the state law claims arises under this Court's pendent jurisdiction.

2. Venue is properly laid in the Southern District for the reason the events described hereinbelow touch and concern the Southern District of Ohio..

3. Defendants are subject to the personal jurisdiction of this court under Fed. R. Civ. P. Rule 4(e) under the nationwide service of process provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. § 1962. The Southern District of Ohio is the most convenient venue. The conduct injuring the plaintiff and continuing to injure him occurred in the Southern District of Ohio. Defendant 24 Capital is not licensed to do business in the State of Ohio, however has transacted and continues to transact business in Ohio. The acts complained of took place in the Southern District of Ohio. It is in the interests of justice that the individual defendants be made party to an action in this district under 18 U.S.C.A. § 1965(b).

## II.     PARTIES

4. Plaintiff, PBE, is a telecommunications engineering company. By reason of the acts complained of below, PBE has experienced direct financial injury traceable to Defendants' conduct, which can be redressed by the relief requested herein.

5. Defendant Jason Sankov is the Operations Manager of 24 Capital. Defendant 24 Capital Funding, LLC is an entity organized and existing under the laws of the State of New York. John Doe defendants are the officers and members of 24 Capital who have personal control over the activities of 24 Capital.

6. The transactions complained of in this complaint took place, in part, in the State of Ohio from mid-February 2019 through the present.

### III. FACTS COMMON TO ALL COUNTS

7. Plaintiff restates all allegations above as though fully restated herein.

8. This action arises from Defendants' breach of the terms of an agreement to advance funds against receivables. A copy of the purported agreement is at Exhibits A. Defendants induced PBE to accept funds on the representation that repayment would be against receivables, not merely daily loan payments. Upon receipt of the agreed upon funds, Plaintiff's bank account was debited daily regardless of whether any receivables had come into the account or not. The daily withdrawal of funds by defendants depleted Plaintiff's cash which caused defendants to promise additional funding to Plaintiff. Defendants then reneged on the promise of additional funding and instead unlawfully confessed judgment against Plaintiff. At no time did defendants comply with the terms of the agreement at Exhibit A and limit repayment to receivables. Defendant simply collected daily payments. Plaintiff relied to his detriment upon Defendants' intentional misrepresentations concerning the operation of the MCA program and the manner in which the agreements at Exhibit A would work.

9. Defendants' conduct was calculated to manipulate PBE into a position of financial helplessness which would lead PBE to accept Defendants' promise to make additional

4

advances.Despite defendants manipulative and predatory practices PBE has repaid substantially all of 24 Capital's principal, despite the scheme in which 24 Capital engaged and its breach of the parties' agreement.

### COUNT 1: RACKETEER INFLUENCED CORRUPT ORGANIZATIONS ACT

10. At all relevant times, there was in full force and effect in the United States of America, a certain statute, namely, the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C.A. § § 1961 *et seq.*

11. At all relevant times, there was in full force and effect in the United States of America certain statutes commonly referred to as the mail and wire fraud statutes, 18 U.S.C.A. § § 1341 and 1343.

12. At all relevant times, there was in full force and effect in the United States of America certain statutes commonly referred to as the mail and wire fraud statutes, 18 U.S.C.A. §§1341 and 1343.

### II. RACKETEERING ENTERPRISE

13. Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

14. A racketeering enterprise exists among the Defendants to unlawfully obtain money from PBE. The enterprise operates through 24 Capital. Defendants combined, conspired, confederated and agreed with each other and with others known and unknown to Plaintiff to devise and intend to devise a scheme and artifice to defraud PBE as to a material matter and to obtain money and

property by means of false and fraudulent pretenses, representations, and promises by causing signals and sounds to be transmitted by wire in interstate and foreign commerce, for the purpose of executing and attempting to execute the scheme and artifice, as set forth herein. The enterprise has an organizational structure and policies designed to accomplish the following goals:

- a) The first goal of the racketeering enterprise is to operate a facially legal entity, 24 Capital, to conduct a business scheme to defraud individuals such as Plaintiff.
- b) The second goal of the racketeering enterprise is to attract clients by misrepresenting the terms upon which 24 Capital will lend.
- c) The third goal of the racketeering enterprise is to enter into a contracts with prospective borrowers based upon the aforementioned false grounds.
- d) The fourth goal of the racketeering enterprise is to use the funds obtained to enrich Defendants, and to circumvent federal law against predatory and usurious lending.
- e) The fifth goal of the enterprise is to misuse the State of New York court system to engage in collection activities in circumstances where misrepresentations have been made by defendants concerning the extent of borrowers' contacts with the State of New York.

15. The enterprise has a history of involvement within Ohio, Indiana and throughout the United States.

16. The enterprise is engaged in interstate commerce and its activities have a substantial effect on interstate commerce as follows:

- a) The enterprise receives money through the mails and wires unlawfully from borrowers and deposits that money into financial institutions engaged in interstate commerce.
- b) The defendant enterprise utilized the means of telephone calls and mail in the regular course of business to communicate among themselves, to obtain the

transfer of funds from borrowers, and to induce **PBE** into remitting funds for a MCA agreement.

### III: FEDERAL RICO VIOLATION

17. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

18. Defendants, individually and collectively, through their control of the enterprise, violated 18 U.S.C.A. § 1962(c) by conducting the enterprise's affairs through a pattern of racketeering activity as defined in 18 U.S.C.A. § 1961(1)(B) consisting of numerous acts of mail and wire fraud in violation of 18 U.S.C.A. §§1341 and 1343.

19. Specifically, Defendant committed the following predicate acts: Defendant placed telephone calls to PBE to fraudulently induce him to remit funds. Defendant used 24 Capital to attempt to manipulate PBE into a predatory loan. Defendant also used 24 Capital as a conduit to divert funds to 24 Capital, Sankov and John Does.

20. Defendants' predicate acts were continuous in that they began in February 2019 and continue until today. The public at large is in danger of Defendants' continued pattern of corrupt activities.

21. Plaintiff has been damaged by Defendants' violation of the federal RICO statute, and is entitled to compensatory and punitive damages, interest, costs and attorneys fees.

### COUNT II: INTENTIONAL MISREPRESENTATION

21. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

22. Defendants intentionally misrepresented their MCA arrangement to PBE.

23. Plaintiff relied upon this representation of the agreement when the contract was agreed to and signed.

24. Defendants were aware when they stated that they would only collect against receivables in PBE's accounts that this statement was untrue. Defendants with wanton disregard for Plaintiff's interests and malice intentionally misled Plaintiff and thereby have caused damage to Plaintiff for which Defendant are liable in compensatory and punitive damages, interests, costs and attorneys fees.

## COUNT III: FRAUD

25. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

26. Attached at Exhibit B are fraudulent documents submitted by Defendants to both Partners Credit Union and PNC bank that state PBE resides in New York and conducts business in the State of New York. These representations are material to the ability of Defendants to lawfully restrain the accounts of PBE . Defendants knew at the time of these representations concerning Plaintiff's residence and contacts with the State of New York that these statements were false. Defendants' misrepresentations were relied upon by Partners and PNC to the detriment of PBE because Partners and PNC restrained the accounts of PBE.

27. Defendants' specific fraudulent statements caused PBE's accounts to be restrained and prevented PBE from purchasing supplies, paying its staff and otherwise engaging in operations as a going concern.

28. Plaintiff has been damaged by Defendants' fraudulent statements. Accordingly defendants are liable in compensatory and punitive damages, interest, costs and attorneys fees. See, Exhibit B.

### COUNT IV:  DISGORGEMENT

29. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

30. To the extent Defendant breached fiduciary duties owed to Plaintiff, Plaintiff is entitled to disgorgement of any amounts realized by Defendants by reason of their breach.

### COUNT V:  MISAPPROPRIATION OF NAME AND GOODWILL

31. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

32. Through its unauthorized contact with Partners First Credit Union and PNC under the guise of a legitimate creditor. Defendant misappropriated Plaintiff's public name, persona, and goodwill to raise the unauthorized funds.  Plaintiff is entitled to recovery of all funds raised by Defendant in Plaintiff's name.

### COUNT VI: BREACH OF CONTRACT

33. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

34. 24 Capital is a foreign corporation within the meaning of Ohio Revised Code 1703.01(b) required under O.R.C. 1703.03 to be licensed to conduct business in the State of Ohio.

35. 24 Capital has not obtained a license to do business in Ohio or otherwise registered with the Ohio Secretary of State, which renders 24 Capital subject to a $10,000.00 forfeiture under O.R.C. 1703.28.

36.  24 Capital has not appointed an agent for service of process in the State of Ohio.

37. 24 Capital induced PBE to remit funds to obtain an alleged MCA  agreement.

38. Defendants are liable for compensatory damages, interest, costs and attorneys fees.

## COUNT VII: CLASS ALLEGATIONS

39. PBE brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and a class ("Class") and subclass ("Subclass").  The Class Period commenced on January 1, 2015.

40. PBE brings this action under Federal Rule of Civil Procedure 23(b)(1) on behalf of a class defined as:

> All borrowers who received merchant cash advances and were advised the repayment would be against receivables only.

41. PBE also brings this action under Federal Rule of Civil Procedure 23(b)(2) on behalf of a class defined as set for the in Paragraph 6(b) for the reason adjudication of the issues raised here will be dispositive of the claims of all persons affected.

42. PBE also brings this action under Federal Rule of Civil Procedure 23(b)(3) on behalf of a class defined as set forth in Paragraph 6(b) for the reason questions of law common to the class predominate over the claims of individual class members.

43. The claims of PBE are typical of the claims of the Class.  PBE will fairly and adequately protect the interests of the Class.  PBE has no conflicts with any other Class Member, and has retained competent counsel experienced in class action litigation.

44. Common questions of law and fact exist.  Questions of law and fact are common to the Class and predominate over any questions affecting only individual Class Members.

45. Class action treatment is a superior method for the fair efficient adjudication of the controversy described herein.  A class action provides an efficient method whereby enforcement of the rights of PBE and defendants can be fairly managed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following:

A) Judgment against Defendants, jointly and severally, in such amounts as will fully and adequately compensate Plaintiff for the damages he has suffered, in an amount to be determined at trial, not less than $75,000.00;

B) Award Plaintiff punitive damages against Defendants, jointly and severally, in an amount to be determined by the jury for Defendants' failure to limit repayment against receivables and misrepresenting whether there were contacts with New York;

C) Award Plaintiff pre-judgment and post-judgment interest;

D) Award Plaintiff actual expenses of litigation, including reasonable attorney's fees;

E) Appoint Plaintiff as class representative;

F) Appoint Plaintiff's counsel as counsel for the class; and

G) Award Plaintiff such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*s/Percy Squire, Esq.*
Percy Squire (0022010)
341 S. Third St., Suite 10
Columbus, Ohio 43215
(614) 224-6528 T
(614) 224 -6529 F
psquire@sp-lawfirm.com

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands a jury trial in this matter.

*s/Percy Squire, Esq.*
Percy Squire, Esq. (0022010)