# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: July 13, 2022

Mr. Jared J. Lefevre
Eastman & Smith
One Seagate
27th Floor
Toledo, OH 43604

Mr. Percy Squire
341 S. Third Street
Suite 10
Columbus, OH 43215

Re: Case No. 21-3849, *Peters Broadcast Engineering v. 24 Capital, LLC, et al*
Originating Case No. : 2:20-cv-03135

Dear Counsel,

The court today announced its decision in the above-styled case.

Enclosed is a copy of the court's published opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Yours very truly,

Deborah S. Hunt, Clerk

Cathryn Lovely
Deputy Clerk

cc: Mr. Richard W. Nagel

Enclosures

Mandate to issue.

RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0152p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

PETERS BROADCAST ENGINEERING, INC.,
         *Plaintiff-Appellant*,

*v.*

24 CAPITAL, LLC; JASON SANKOV; JOHN DOES,
         *Defendants-Appellees*.

No. 21-3849

Appeal from the United States District Court for the Southern District of Ohio at Columbus.
No. 2:20-cv-03135—Kimberly A. Jolsen, Magistrate Judge.

Argued: June 9, 2022

Decided and Filed: July 13, 2022

Before: GIBBONS, COOK, and THAPAR, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Percy Squire, PERCY SQUIRE COMPANY LLC, Columbus, Ohio, for Appellant. Jared J. Lefevre, EASTMAN & SMITH LTD., Toledo, Ohio, for Appellees 24 Capital and Jason Sankov. **ON BRIEF:** Percy Squire, PERCY SQUIRE COMPANY LLC, Columbus, Ohio, for Appellant. Jared J. Lefevre, EASTMAN & SMITH LTD., Toledo, Ohio, for Appellees 24 Capital and Jason Sankov.

---

**OPINION**

---

JULIA SMITH GIBBONS, Circuit Judge. A federal court is empowered to adjudicate the rights of the parties before it—with the salient constraint that it must have personal jurisdiction over each party. After forming a contract, 24 Capital, LLC ("24 Capital") believed

Peters Broadcast Engineering, Inc. ("Peters Broadcast") breached their agreement. 24 Capital received a judgment by confession in New York state court. Then Peters Broadcast brought this suit in the Southern District of Ohio, alleging that 24 Capital and its Operations Manager, Jason Sankov, engaged in a scheme in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. The district court granted the defendants' motion to dismiss for lack of personal jurisdiction. Peters Broadcast appeals, arguing the district court erred in interpreting the RICO provision authorizing nationwide exercise of personal jurisdiction in certain circumstances. We affirm, holding that 18 U.S.C. § 1965(b) governs service over out-of-district defendants and requires that at least one defendant has minimum contacts with the forum state.

**I**

Peters Broadcast sued 24 Capital and Jason Sankov, alleging RICO violations and Ohio state law claims. Peters Broadcast is an Indiana corporation with its principal place of business is in Indiana. 24 Capital is a New York limited liability company with its principal place of business in New York. Sankov resides in Florida.

On February 21, 2019, Peters Broadcast and 24 Capital entered a contract titled "Merchant Agreement," in which 24 Capital agreed to provide an advance to Peters Broadcast in exchange for assuming interest in Peters Broadcast's future receivables. However, the relationship between the parties devolved in the next three months. Believing Peters Broadcast breached their agreement, 24 Capital moved for judgment by confession in the Supreme Court of New York for Putnam County, which was granted on May 21, 2019. Peters Broadcast moved to vacate this judgment, but the motion was denied. Thereafter, Peters Broadcast initiated the instant action, filing its first complaint on June 19, 2020, and a second amended complaint on April 7, 2021.

In its second amended complaint, Peters Broadcast alleged that 24 Capital, Jason Sankov, and other unnamed coconspirators engaged in a "conspiracy to steal, thieve and purloin from unsuspecting merchants" by targeting small merchants and inducing them to borrow funds against receivables. DE 25, Second Am. Compl., Page ID 356. Peters Broadcast alleged that

24 Capital misrepresented the terms of the Merchant Agreement by promising to recover payment only in proportion to incoming receivables, while actually extracting daily payments without regard to receivables; that 24 Capital promised additional funding to borrowers, only to renege on the promised funds and confess judgment against the borrowers; and that this was not an isolated event, but rather part of an ongoing scheme in which 24 Capital used "deceptive and misleading communications and contracts" to force merchants "into cycles of debt in which they were forced to incur new illegal loans in order to pay off their existing debt to [24 Capital]." *Id.* at 358–62. Peters Broadcast initiated this lawsuit with both individual and class-wide claims against 24 Capital and Sankov.

The complaint characterizes the alleged scheme as racketeering activity in violation of RICO, 18 U.S.C. §§ 1961–1968. Peters Broadcast asserts:

> Defendants are subject to the personal jurisdiction of this court under Fed. R. Civ. P. Rule 4(e) under the nationwide service of process provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.A. § 1962. The Southern District of Ohio is the most convenient venue. The conduct injuring [Peters Broadcast] and continuing to injure it occurred in the Southern District of Ohio. Defendant 24 Capital is not licensed to do business in the State of Ohio, however it has transacted and continues to transact business in Ohio. The acts complained of took place in the Southern District of Ohio. It is in the interests of justice that the individual Defendant be made party to an action in this district under 18 U.S.C.A. § 1965(b).

*Id.* at 357. For Peters Broadcast's state-law claims, the asserted basis for personal jurisdiction is pendent jurisdiction from the RICO claim. Peters Broadcast alleged that each of its claims is appropriately brought as a class action, with the class defined as "All borrowers who received merchant cash advances and were advised the repayment would be against receivables only." *Id.* at 369–70.

Peters Broadcast filed an amended motion to certify a class on May 3, 2021. 24 Capital and Sankov filed a motion to dismiss the second amended complaint on May 7, 2021, arguing the case should be dismissed under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The defendants also raised defenses under Federal Rules 12(b)(3) and 12(b)(6) of improper venue and failure to state a claim upon which relief may be granted. The magistrate

No. 21-3849     *Peters Broadcast Engineering v. 24 Capital, LLC, et al.*     Page 4

judge[1] granted 24 Capital and Sankov's motion to dismiss and denied Peters Broadcast's motion to certify class as moot.

In the opinion and order, the magistrate judge closely analyzed RICO's venue and process provisions, 18 U.S.C. § 1965(a)–(d). The statute reads:

(a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

(b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

(c) In any civil or criminal action or proceeding instituted by the United States under this chapter in the district court of the United States for any judicial district, subpenas [sic] issued by such court to compel the attendance of witnesses may be served in any other judicial district, except that in any civil action or proceeding no such subpena [sic] shall be issued for service upon any individual who resides in another district at a place more than one hundred miles from the place at which such court is held without approval given by a judge of such court upon a showing of good cause.

(d) All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. § 1965.

The court noted a circuit split regarding how to interpret the statute, with a minority of circuits holding that § 1965(d) governs service over out-of-district defendants and the majority of circuits holding that § 1965(b) is the relevant provision. Acknowledging that the Sixth Circuit has not yet resolved the issue, the court carefully evaluated the underlying reasoning of both approaches and held the majority approach was the best reading of the statute. This holding "considers all [of the statute's] subsections in relation to one another." DE 43, Op. and Order, Page ID 671. The court applied this approach and found that no defendant had minimum contacts with Ohio, and thus Peters Broadcast did not establish personal jurisdiction under

---

[1] The parties consented to jurisdiction by the magistrate judge pursuant to 28 U.S.C. § 636(c).

RICO.  Because Peters Broadcast did not assert sufficient facts to establish that the court had personal jurisdiction over either defendant and did not specifically allege how the claims arose from conduct within Ohio, the court held it lacked personal jurisdiction under RICO and pendent jurisdiction for the state law claims.

On appeal, Peters Broadcast argues the district court erred in granting the motion to dismiss, asserting that the court misconstrued 18 U.S.C. § 1965 and incorrectly held it lacked personal jurisdiction over the defendants.

## II

We review de novo a district court's dismissal of a complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  *See Ingram Barge Co., LLC v. Zen-Noh Grain Corp.*, 3 F.4th 275, 278 (6th Cir. 2021).  A motion to dismiss under Rule 12(b)(2) involves burden shifting: after the plaintiff makes a prima facie case for personal jurisdiction, which can be done "merely through the complaint," the burden shifts to the defendant.  *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020).  The defendant's motion to dismiss must be supported by evidence.  *Id.*  The burden then shifts back to the plaintiff, "who may no longer 'stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.'"  *Id.* (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).  We "must view the pleadings and affidavits in a light most favorable to the plaintiff and not weigh 'the controverting assertions of the party seeking dismissal.'"  *Ingram Barge*, 3 F.4th at 278 (citation omitted).

### A

"As with every case, we begin with any jurisdictional issues."  *Med. Mut. of Ohio v. deSoto*, 245 F.3d 561, 566 (6th Cir. 2001).  Federal courts are both empowered and constrained by personal jurisdiction, which establishes "the types of litigants the federal courts may bind with their judgments, whether they be plaintiffs or defendants."  *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 395 (6th Cir. 2021).  Under Federal Rule of Civil Procedure 4(k)(1)(C), "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . when authorized by a federal statute."  Indeed, Congress can authorize nationwide service of

No. 21-3849             *Peters Broadcast Engineering v. 24 Capital, LLC, et al.*             Page 6

process in a regulatory statute permitting claimants to sue a defendant in any of the federal district courts in the country. *See Canaday*, 9 F.4th at 395–96. This appeal implicates a question of first impression for the Sixth Circuit, as we have not yet determined whether 18 U.S.C. § 1965(b) or (d) governs the exercise of personal jurisdiction over out-of-district defendants in RICO cases.[2]

Over the past thirty years, a split has emerged as the circuits determined which RICO venue and process subsection permits service of process on out-of-district defendants. The minority approach, adopted by the Fourth and Eleventh Circuits, holds that § 1965(d) governs service over out-of-district defendants. Subsection (d) broadly allows process "on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(d). The Eleventh Circuit held that subsection (d) "provides for service in any judicial district in which the defendant is found." *Republic of Pan. v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997). The Fourth Circuit, citing *Republic of Panama*, reached the same conclusion. *See ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir. 1997). This "national contacts" approach considers "a defendant's aggregate contacts with the nation as a whole rather than his contacts with the forum state." *Republic of Pan.*, 119 F.3d at 942, 946–47.

The majority approach holds that § 1965(b) governs service over out-of-district defendants. Subsection (b) provides that if "other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof." 18 U.S.C. § 1965(b). The Second, Third, Seventh, Ninth, Tenth, and D.C. Circuits have adopted this

---

[2]While the Sixth Circuit has never considered this question directly, we have previously referenced RICO's provision of nationwide service and personal jurisdiction. In *Canaday*, a case concerning personal jurisdiction under the Fair Labor Standards Act, the majority opinion twice points out that RICO provides nationwide service of process. *Canaday*, 9 F.4th at 395–96, 398. *Canaday* cites to 18 U.S.C. § 1965(d) for the proposition that RICO provides "personal jurisdiction over [defendants] in any federal district court in the country." *Id.* at 398. However, *Canaday* provided no reason for citing subsection (d) rather than (b). It did not squarely address the question now before the court, and its citations to subsection (d) are passing references in a string citation. *See Wright v. Spaulding*, 939 F.3d 695, 701–02 (6th Cir. 2019) ("For a court's conclusion about an issue to be part of its holding[,] . . . it must be clear that the court considered the issue and consciously reached a conclusion about it.").

"forum state" approach.[3]  These circuits considered 18 U.S.C. § 1965 in its entirety to hold that the statute "does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found." *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71 (2d Cir. 1998).  Rather, because "§ 1965(a) grants personal jurisdiction over an initial defendant . . . to the district court for the district in which that person resides, has an agent, or transacts his or her affairs," nationwide jurisdiction hinges on whether at least one defendant has minimum contacts with the forum state.  *Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 117–18 (3d Cir. 2020).

Peters Broadcast urges the court to adopt the minority approach, arguing that § 1965(d) authorizes personal jurisdiction via nationwide service based on minimum contacts with the United States.  For the reasons expressed below, we join the Second, Third, Seventh, Ninth, Tenth, and D.C. Circuits and hold that subsection (b) of § 1965, rather than subsection (d), gives RICO its nationwide jurisdictional reach.

The Ninth Circuit was first to identify § 1965(b) as the subsection providing for service of process, and the conferral of personal jurisdiction, upon defendants residing outside of the federal court's district.  *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538–39 (9th Cir. 1986).  The court did not discuss subsection (d).  The Seventh Circuit did the same in *Lisak v. Mercantile Bancorp Inc.*, stating that subsection "(b) creates personal jurisdiction by authorizing service" without mentioning (d).  834 F.2d 668, 671 (7th Cir. 1987).  Ten years later, the Eleventh and Fourth Circuits addressed the issue, each identifying subsection (d) as allowing for nationwide personal jurisdiction.  *See Republic of Pan.*, 119 F.3d at 942; *ESAB Grp.*, 126 F.3d at 626.  But neither court fully explained why it opted for subsection (d).

"The first federal appellate court to actually analyze § 1965's full text and offer reasoning for its choice of subsections was the Second Circuit." *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1230 (10th Cir. 2006).  The Second Circuit read the statute as a whole, detailing how each

---

[3]*See, e.g.*, *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71–72 (2d Cir. 1998); *Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 117 (3d Cir. 2020); *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671 (7th Cir. 1987); *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538–39 (9th Cir. 1986); *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1229–32 (10th Cir. 2006); *FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1098–1100 (D.C. Cir. 2008), *overruled on other grounds by Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 892 (D.C. Cir. 2021).

subsection contributes to a "single coherent framework for RICO actions." *Laurel Gardens*, 948 F.3d at 117. Specifically, the court concluded that subsection (a) sets the appropriate venue as "any district in which [a defendant] resides, is found, has an agent, or transacts his affairs." *PT United*, 138 F.3d at 71–72 (quoting 18 U.S.C. § 1965(a)). "In other words, a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant." *Id.* at 71. The Court explained:

> [Section] 1965(b) provides for nationwide service and jurisdiction over "other parties" not residing in the district, who may be additional defendants of any kind, including co-defendants, third-party defendants, or additional counter-claim defendants. This jurisdiction is not automatic but requires a showing that the "ends of justice" so require. This is an unsurprising limitation. There is no impediment to prosecution of a civil RICO action in a court foreign to some defendants if it is necessary, but the first preference, as set forth in § 1965(a), is to bring the action where suits are normally expected to be brought. Congress has expressed a preference in § 1965 to avoid, where possible, haling defendants into far flung fora.

*Id.* at 71–72 (footnote omitted). Accordingly, reading § 1965(d) to allow service upon anyone with "nationwide contacts" to sufficiently confer jurisdiction would render § 1965(b) superfluous. The forum-state approach ensures that no subsection is redundant: it allows the exercise of jurisdiction over nonresident defendants to the extent due process and "the ends of justice" require only if there is another defendant with minimum contacts in the forum.

In *Cory*, the Tenth Circuit joined the majority approach, finding it "consistent with congressional intent." 468 F.3d at 1231. The House Judiciary Committee, in its precursor report to RICO, declared "[s]ubsection (b) provides *nationwide service of process* . . . in actions under section 1964 [providing civil remedies for RICO violations]," and that "[s]ubsection (d) provides . . . all other process in actions under the [entire RICO] chapter." *Id.* (citing H. Rep. No. 91-1549, at 4 (1970), *as reprinted in* 1970 U.S.C.C.A.N. 4007, 4010 (emphasis added)). This legislative history comports with reading subsections (a) and (b) together: When a plaintiff brings a civil RICO action in a district court where personal jurisdiction can be established over at least one defendant, nationwide summonses can be served on other defendants if required by the ends of justice. *See id.*

When the D.C. Circuit considered the matter, it sided squarely with the majority approach and held that § 1965(b) governs nationwide service. *FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1098–1100 (D.C. Cir. 2008), *overruled on other grounds by Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 892 (D.C. Cir. 2021). The Third Circuit is the most recent federal appellate court to consider the issue. In opting for the majority approach, the court noted that "the circuit courts adopting the minority approach did not offer a detailed explanation for their selection of subsection (d)." *Laurel Gardens*, 948 F.3d at 118. In fact, the Eleventh Circuit cited the Seventh Circuit's opinion in *Lisak*, 834 F.2d at 671, for support, even though *Lisak* identified subsection (b) as governing personal jurisdiction. *Republic of Pan.*, 119 F.3d at 942. Stating in conclusory terms that § 1965(d) provides for national service of process, without analyzing or mentioning its relationship to § 1965(b), is unconvincing. *See PT United*, 138 F.3d at 70.

We find the reasoning of the forum-state approach persuasive, with a few clarifications to ensure meaning is conferred upon each subsection of the statute. First, we make clear that § 1965(a) provides for *venue*, not jurisdiction. Because subsection (a) is not jurisdictional, another rule—such as Federal Rule of Civil Procedure 4(k)(1)(A) and the relevant state's long-arm statute—is required to establish personal jurisdiction over an initial defendant. Then, § 1965(b) extends personal jurisdiction through nationwide service of process over "other parties residing in any other district," as long as venue is proper through (a) with that initial defendant and the "ends of justice" require it.[4] Section 1965(c) is not jurisdictional and simply describes subpoena procedure. Similarly, § 1965(d) is not jurisdictional. Subsection (d) extends to "other process" that differs from a summons or subpoena, such as notifying a party of an injunction or an order committing a person for civil contempt of a decree.[5]

In urging us to adopt the minority approach, Peters Broadcast argues the forum-state approach is wrong because it fails to consider that "RICO must 'be liberally construed to effectuate its remedial purposes.'" CA6 R. 14, Appellant Br., at 21 (citation and emphasis

---

[4] We need not, and therefore do not, delve into the meaning of § 1965(b)'s "ends of justice" language because there is no initial defendant that meets the requirements of § 1965(a).

[5] Section 1965(d) is similar to Federal Rule of Civil Procedure 4.1, which specifies how to serve process other than a summons under Rule 4 or a subpoena under Rule 45.

omitted). Although the majority approach does not provide for absolute, nationwide personal jurisdiction over each defendant in every civil RICO case, it ensures that there will be at least one federal forum for all defendants in a single civil RICO trial. We join the majority of our sister circuits in adopting the forum-state approach and holding that § 1965(b) governs service over out-of-district defendants.

**B**

Having adopted the forum-state approach, our next relevant inquiry is whether § 1965, as interpreted above, conferred personal jurisdiction over 24 Capital and Sankov. This requires at least one defendant with traditional forum state contacts (the defendant described by § 1965(a) and reached by Rule 4(k)(1)(A)) such that any number of defendants from other districts may be joined under § 1965(b). Peters Broadcast bears the initial burden to make a prima facie case for personal jurisdiction by establishing that either 24 Capital or Sankov has minimum contacts with Ohio. *Malone*, 965 F.3d at 502. For a nonresident defendant to be subject to personal jurisdiction, this court requires the following three criteria be met:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549–50 (6th Cir. 2016) (emphasis omitted) (quoting *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007)).

In its second amended complaint, Peters Broadcast asserts that both defendants have minimum contacts in Ohio. Peters Broadcast states: "The conduct injuring [Peters Broadcast] and continuing to injure it occurred in the Southern District of Ohio. . . . The acts complained of took place in the Southern District of Ohio." DE 25, Second Am. Compl., Page ID 357. The complaint also states "[t]he 24 Capital Enterprise has a history of involvement within Ohio, Indiana, Florida, Washington, D.C., and throughout the United States." *Id.* at 364. Viewing the pleadings in the light most favorable to Peters Broadcast, these assertions are insufficient to establish a prima facie showing that personal jurisdiction exists. Peters Broadcast has not set

forth "specific facts showing that the court has jurisdiction." *Malone*, 965 F.3d at 504. While the second amended complaint makes mention of general injurious conduct occurring in Ohio, it provides no explanation of what acts or activities occurred in the state. Peters Broadcast did not "establish with reasonable particularity sufficient 'minimum contacts'" with Ohio such that the exercise of jurisdiction over 24 Capital and Sankov "would not offend 'traditional notions of fair play and substantial justice.'" *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)).

Further, even if Peters Broadcast *had* established a prima facie case of personal jurisdiction under RICO, the burden then shifts to the defendants to support their motion to dismiss with evidence. *See Malone*, 965 F.3d at 504. 24 Capital and Sankov did precisely this in their motion to dismiss, noting:

> 24 Capital does not market or advertise its funding products in the State of Ohio and does not transact business in the State of Ohio. The Merchant Agreement was not entered into in the State of Ohio, 24 Capital is not located in Ohio, and the Merchant Agreement provides for jurisdiction and venue in New York. There is simply no reason why 24 Capital would anticipate being hailed [sic] into court in Ohio.
>
> Sankov does not reside in Ohio, has never transacted business in Ohio and has no contacts with Ohio whatsoever. There is likewise simply no reason why Sankov would anticipate being hailed [sic] into court in Ohio.

DE 31, Mot. to Dismiss, Page ID 487–88. Their motion is supported by declarations from Mark Allayev, the Chief Executive Officer of 24 Capital, and Sankov, as well as New York state court documents.

The burden therefore shifts back to Peters Broadcast, who must "by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Malone*, 965 F.3d at 504 (citation omitted). In its response to the defendants' motion to dismiss, Peters Broadcast did not specifically allege how 24 Capital or Sankov purposefully availed themselves of the privilege of acting in Ohio. Nor did Peters Broadcast show that the racketeering activity arose from defendants' activities in Ohio or that there was any substantial connection with the forum state. Peters Broadcast did include a certificate related to its own ability to transact business in Ohio, but that has no bearing on whether the *defendants* transact business in the forum state.

Peters Broadcast contended that 24 Capital's website is a basis for personal jurisdiction because it provided "a virtual presence in the forum state." DE 35, Resp. in Opp'n, Page ID 546–49. The district court properly noted this assertion falls short, as it would settle only purposeful availment of the forum state and neither of the other two requirements to establish minimum contacts. *See AlixPartners*, 836 F.3d at 549–50.

Because Peters Broadcast did not specifically allege that 24 Capital or Jason Sankov has minimum contacts with Ohio, the forum state, we affirm the district court's decision to grant the motion to dismiss. Absent jurisdiction over one defendant pursuant to 18 U.S.C. § 1965(a) and Rule 4(k)(1)(A), no jurisdiction exists under § 1965(b). As the basis for Peters Broadcast's accompanying state law claims was pendent jurisdiction, the court necessarily lacks personal jurisdiction over 24 Capital and Sankov for those claims.

**C**

Finally, Peters Broadcast argues for the first time in its reply brief that, in lieu of retaining jurisdiction, the district court should have transferred the case to its "home district, the Northern District of Indiana." CA6 R. 24, Reply Br., at 2. Peters Broadcast cites 28 U.S.C. § 1406, "Cure or waiver of defects" to argue the court should "transfer such case to any district or division in which it could have been brought." *Id.* As an initial matter, claims are forfeited when a party "fail[s] to make the timely assertion." *Blanchet v. Charter Commc'ns, LLC*, 27 F.4th 1221, 1227 (6th Cir. 2022) (citation omitted). Peters Broadcast did not contend transfer was appropriate in any briefing before the district court, and we do "not ordinarily address new arguments raised for the first time on appeal." *Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 443 (6th Cir. 2021) (citation omitted). Further, we have "consistently held . . . that arguments made to us for the first time in a reply brief are waived."[6] *Bormuth v. Cnty. of Jackson*, 870 F.3d 494, 500 (6th Cir. 2017) (citation omitted).

---

[6]"Though attorneys (and even courts) often use [the concepts of waiver and forfeiture] 'interchangeably,' they are distinct." *United States v. Petlechkov*, 922 F.3d 762, 767 (6th Cir. 2019) (citation omitted). Forfeiture "is a party's 'failure to make the timely assertion of a right,'" while waiver "is the intentional relinquishment or abandonment of a known right." *Ohio State Univ.*, 989 F.3d at 443 (quoting *Petlechkov*, 922 F.3d at 767).

No. 21-3849         *Peters Broadcast Engineering v. 24 Capital, LLC, et al.*         Page 13

Even if considered, Peters Broadcast's argument that the district court should have transferred the case to Indiana fails.  Peters Broadcast did not provide any allegations that *the defendants*, 24 Capital or Jason Sankov, have minimum contacts with Indiana.  The Northern District of Indiana is in the Seventh Circuit, which follows the forum-state approach.  *See Lisak*, 834 F.2d at 671.  Pursuant to the forum-state approach, Peters Broadcast may file its civil RICO action "in a district court where personal jurisdiction can be established over at least one defendant," and then "summonses can be served nationwide on other defendants if required by the ends of justice."  *See Laurel Gardens*, 948 F.3d at 120 (citation omitted).

### III

We hold that 18 U.S.C. § 1965(b) governs service over out-of-district defendants.  Under this forum-state approach, Peters Broadcast did not establish personal jurisdiction for its RICO claims or pendent state law claims.  We therefore affirm the district court's decision to grant 24 Capital and Sankov's motion to dismiss and to deny Peters Broadcast's motion to certify class as moot.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 21-3849

PETERS BROADCAST ENGINEERING, INC.,

    Plaintiff - Appellant,

    v.

24 CAPITAL, LLC; JASON SANKOV; JOHN DOES,

    Defendants - Appellees.

**FILED**
Jul 13, 2022
DEBORAH S. HUNT, Clerk

Before:  GIBBONS, COOK, and THAPAR, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Southern District of Ohio at Columbus.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED in its entirety.

        **ENTERED BY ORDER OF THE COURT**

        Deborah S. Hunt, Clerk